IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 JUL -9  A 9:48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HEWITT P. ROBERT, JR.                          )
                                               )
    PLAINTIFF,                                 )
                                               )
      vs.                                      )
                                               )
HON. JAMES GARRETT (Ret)                       ) CASE NO. 3:07CV- 625-MHT
                                               )
HON. SUE BELL COBB, SUPREME COURT              )
HON. FREND SEE, JR., SUPREME COURT             )
HON. CHAMP LYONS, JR., SUPREME COURT)
HON. THOMAS WOODALL, SUPREME COURT             )
HON. PATRICIA M. SMITH SUPREME COURT)
HON. MICHAEL F. BOLIN, SUPREME COURT)
HON. LYN STUART, SUPREME COURT                 )
HON. TOM PARKER, SUPREME COURT                 )
HON. GLENN MURDOCK, SUPREME COURT              )
                                               )
    DEFENDANTS ,                               )
                                               )
                                               )
                                               )


VERIFIED COMPLAINT


    COMES NOW, **Pro Se Plaintiff**, Hewitt P. Robert, Jr., to file

this **Verified Complaint** for Injunctive relief to avoid eminent

irreparable damage about to be perpetrated on this individual who

is the Defendant in criminal case CC-04-1101, CC-04-1102,

awaiting arraignment in Lee County, Alabama.


    Plaintiff brings this action for color of law violations,

under Title 42, U. S. C. 1983, of the Plaintiff's Federally

protected Constitutional rights which have now crossed the state

lines into Louisiana and Florida and deprived Plaintiff of many

Federally protected rights of the United States Constitution.

Venue and Jurisdiction of this Court is proper in the

Eastern Division Middle District of Alabama pursuant to 28, U. S.

C. 1391(b), as the Defendants reside and are Judicial Officers

within the Middle District of Alabama and or a substantial part

of the events giving rise to the claims asserted by Plaintiff

arose in this judicial district.

The Plaintiff, Robert, has exhausted all avenues under state

remedies and petitions this Court for injunctive relief and filed

a petition for writ of mandamus to the Alabama Supreme Court on

June 29, 2007, via certified mail.

### FACTUAL ALLEGATIONS

1.  On October 28, 2003, civil case 03-T-1072-E was filed in

this Court. Injunctive relief was sought for immediate and

eminent danger from prosecution by the City of Opelika, Alabama.

Injunctive relief was **denied** and **Hon. Charles Coody** became a

party to the ongoing 7 year conspiracy which has evolved from a

false hit-and-run report filed on August 14, 2000, by the Opelika

Police and now includes 40 Judges, a Federal Magistrate, 2

Louisiana Judges, 2 Governors, 2 Florida Judges, and all of the Judges of the Alabama Supreme Court.

2.  On December 1, 2003, Judge Robert M. Harper, of Lee County, Alabama, presided over the appeal de novo trial Plaintiff, Robert, sought injunctive relief from. Judge Harper was not aware that Opelika City Attorney, Guy Fleming Gunter, under color of law, had stolen 80 pages of the appeal de novo and that the Circuit Court did not have jurisdiction to proceed under Alabama Rules of Criminal Procedure Rule 30.3, and 30.4, violating Plaintiff, Robert's 6th Amendment right to a fair trial. Plaintiff has most of the 80 pages as evidence.

3.  Opelika City Attorney, Guy Gunter, who had recused himself on August 1, 2003, stole the 80 pages of the appeal de novo under color of law on October 28, 2003, the day the civil complaint CV-03-T-1072-E was filed in this court.

4. On November 24, 2003, Randall Morgan and Stanley Martin, attorneys for the City of Opelika and Guy Gunter, under color of law, filed briefs in CV-03-T-1072-E in this Court alleging immunity, and lying for the City Officials while they were all conspiring to and obstructing justice because on November 24, 2003, Guy Gunter was illegally in possession of the stolen case file and those 80 pages are still missing from the Lee County

Circuit Court, Alabama Court of Criminal Appeals, and the Alabama
Supreme Court, rendering void the decisions of the Opelika
Municipal Court, the Lee County Court, and the Alabama Court of
Criminal Appeals.

5.   On March 18, 2004, in a hearing in open court before
Magistrate Charles Coody, these lawyers used the same defense of
immunity and today is July 6, 2007 and Guy Gunter still has those
missing pages of the case in his possession. Magistrate Coody's
actions caused irreparable damage as these lawyers and Judges in
Lee County incarcerated Plaintiff, Robert, for 90 days without
jurisdiction under $100,000, municipal appeal bond, $99,000 in
excess of the State of Alabama Maximum of $1,000 set by the
Alabama precedent as enumerated in Ex parte Gilham, citations
omitted, violating the Plaintiff, Robert's, 6th Amendment Right
to a fair and speedy trial and violating the Defendant's 8th
Amendment right of setting excessive bail as any bail without
jurisdiction was a color of law violation by Judge Harper.

6.   On May 4, 2004, Philip Thompson, under color of law,
filed an appeal brief in Plaintiff, Robert's, appeal without
legal authority, claiming he had met the guidelines to file his
Appeal brief on behalf of the City of Opelika, Alabama. Mr.
Thompson's color of law violation is proved by the fact that the
City of Opelika did not hire him to file the brief until

September 7, 2004, in an Opelika City Council meeting, attempting
to violate the Sunshine laws of Alabama by backdating his
contract for services, violating the Plaintiff, Robert's, 6th
Amendment right to a fair trial and appeal and conspiring to and
actually violating the Sunshine Laws of Alabama in the process.

7. The Alabama Court of Criminal Appeals ruled against
Plaintiff, Robert, on August 24, 2004, before Philip Thompson had
legal authority to file his appeal brief. Mr. Thompson's actions
clearly violated the 6th Amendment right to a fair trial and
appeal and hence were under color of law.

8. On May 27, 2004, Lee County Circuit Clerk, Corinne
Hurst, filed a false affidavit claiming that she had the 2
documents in her possession for the Circuit Court appeal de novo
to proceed, the appeal bond and the notice of appeal to the
Circuit Court. The Rule of receiving court documents in State
Courts is the same as the Rule for Federal Courts. The Notice of
appeal bears no date stamp and the Court lacked jurisdiction
under Rule 30.3, Alabama Rules of Criminal Procedure.

9. On August 30, 2004, an orange Opelika Jumpsuit and
handcuffs appeared on the back steps of this Plaintiff, Robert's,
home in Mobile, Alabama, with a note that read let it be or we'll
send you back to jail and throw away the key.

10.  On September 24, 2004, Lee County Circuit Clerk, Corinne Hurst testified before a Lee County Grand Jury that this Plaintiff, Robert, had threatened to cause her bodily harm and/or murder her.

11.  On **September 27, 2004,** two indictments were handed down and Judge Jacob Walker, III, of Lee County, issued a warrant, and then immediately recused himself. **All other Lee County Judges conspired, under color of law, and recused themselves by September 30, 2004.**

12.  On **October 1, 2004,** after recusing himself from the case, Judge Jacob Walker, III, absent jurisdiction for recusal, under color of law, signed the case action summary in both cases, claiming Plaintiff, Robert, had failed to appear in Court. This is stamped by the Court on October 5, 2004, proving that Judge Walker signed the case action after he recused himself.

13.  On October 15, 2004, Judge Jacob Walker, III, requested that the Alabama Administrative Office of Courts appoint a new Judge to the case.

14.  On October 18, 2004, Lee County Circuit Clerk, Corinne Hurst, sent a letter to the Alabama Court of Criminal Appeals

stating that she did not have the 80 pages Guy Gunter stole on
October 28, 2003, proving that 80 pages were missing from the
Circuit Court and Court of Criminal Appeals and that the case
should have been reversed, but Mr. Lane Mann, Clerk of Court of
the Court of Criminal Appeals, under color of law, refused to
request the missing documents from the municipal court clerk,
Elaine Kirby. Mr. Mann's actions are extremely culpable as he
could have ended this action in October of 2004, instead he chose
to protect the criminally privileged lawyers and judges in this
conspiracy and became a color of law conspirator himself.

15.  In January 2005, John Denson took office as a newly
elected Judge of Lee County giving him jurisdiction of the case
as a duly elected Circuit Judge of Lee County, as Judges shall
have jurisdiction to hear all cases within their territorial
limits.

16.  Judge John Denson never recused himself from the Lee
County proceedings and jurisdiction of the case was his to recuse
or disqualify himself, which there is no record of in Lee County
or the Alabama Administrative Office of Courts.

17.  On January 18, 2006, this Plaintiff, Robert, was
arrested by 6 Federal Marshals at gunpoint in Louisiana.
Plaintiff, Robert was given a habeas corpus hearing by the

Honorable Sterling Snowdy of the 40th Judicial Circuit on January
19, 2006, and posted $15,000 bond.

18.  On January 25, 2006, recused Judge Jacob Walker, under
color of law, absent jurisdiction for recusal, signed a
certificate of exemplification of Lee County Circuit Clerk,
Corinne Hurst, to be used in the extradition of Plaintiff,
Robert.

19.  On February 23, 2006, extradition documents, falsified,
backdated and notarized by Lee County Circuit Clerk, Corinne
Hurst, were faxed under color of law by Lee County District
Attorney, Nicholas Abbett, to the St. John Parish, Louisiana,
District Attorney, who brought these falsified, backdated
documents into Judge Snowdy's Court violating the felony laws of
Louisiana by falsifying Court documents in Louisiana and they
were faxed interstate via telephone lines creating fraud in Judge
Snowdy's Court, a color of law act to defraud the Alabama Court
and Louisiana Court by wire fraud and obstruct justice.

20. On March 10, 2006, extradition documents were signed by
Louisiana Governor, Kathleen Blanco, and communicated to Sheriff
Jones in St. John Parish, Louisiana, and Sheriff Jay Jones in Lee
County, Alabama, giving authority for Plaintiff, Robert, to be
transported back to Alabama. Lee County Sheriff Jay Jones failed

to extradite a **"dangerous"** prisoner, the Plaintiff, Robert. Today
is July 6, 2007, and Plaintiff, Robert is still listed on Lee
County's most wanted list even though he was arrested on April
16, 2007 in Florida and is presently out on bond under
$12,500 bond.

21.  On April 14, 2006, Alabama Supreme Court Chief Justice,
Drayton Nabers assigned Hon. James Hard, IV,(Ret) of Birmingham,
Alabama, to preside over the Lee County cases. Judge John Denson
had been a Lee County Circuit Judge over a year with assumed
jurisdiction and had never recused himself from the proceedings.

22.  Plaintiff, Robert, actually remained under bond until a
hearing on May 3, 2006, when his bond was refunded in Court by
Hon. Mary Becnel, presiding Judge of the 40th Judicial Circuit in
Louisiana. This case terminated in the Plaintiff, Robert's, favor
in Louisiana, with the refund of bond and Lee County, Alabama
Sheriff Jay Jones' failure to extradite after being given
authority by 2 Governors and extradition documents signed and
completed. Plaintiff, Robert, attended all court dates as
instructed by the Hon. Sterling Snowdy.

23.  On August 22, 2006, under color of law, Lee County
District Attorney, Nicholas Abbett, violated Section 15-8-71 of
the Code, of Alabama 1975, and had the indictments illegally

withdrawn by Judge James Hard, IV, **claiming the Plaintiff,**
**Robert, had not been found,** after 2 Governors signed the
necessary extradition papers, **constituting malicious prosecution**
**and false imprisonment.**

24.  On December 8, 2006 Judge Jacob Walker, under color of
law, signed another order in this case after recusal claiming he
was sending a letter brief he received from Plaintiff, Robert, to
Judge James Hard, proving that Nick Abbett new exactly where to
find the Plaintiff, Robert, on December 8, 2006. It is proved
because Judge Walker sent Plaintiff, Robert, a copy of that order
in Louisiana, directly to Mr. Robert.

25.  In an ex parte telephone conversation with Judge James
Hard, IV, on February 6, 2007, under color of law, Judge Hard
told the Plaintiff, Robert, he had ex parte communications with
the other side and Judge Hard suggested that the Plaintiff,
Robert, offer to give up something to Lee County District
Attorney, Nicholas Abbett 3 different times during the
conversation. Judge Hard was insistent that if the Plaintiff,
Robert, would offer to proceed through Judge Hard and
make some offer to Nick Abbett, that maybe in a year or so, Nick
Abbett might drop the charges, when Judge Hard had already
illegally, unethically and under color of law, removed the

indictments after the extradition documents were signed.

26.  In a 2nd ex parte telephone conversation of February 21, 2007, under color of law, Judge Hard suggested/recommended that Plaintiff, Robert, offer to not sue Lee County District Attorney, Nicholas Abbett, for malicious prosecution. In other words, Judge Hard wanted Plaintiff, Robert, to bribe Lee County District Attorney, Nicholas Abbett.

27.  On April 16, 2007, while preparing to disembark off of a RCCL cruise ship, Plaintiff, Robert, was apprehended by 2 customs agents in Port Canaveral, Florida, on the same warrant and charges as in January 2006. He was detained by customs agents and then transported to the Brevard County, Florida, detention center known as Sharpe's.

28.  On April 16, 2007, Lee County, Alabama, Sheriff Jay Jones, under color of law, faxed a copy of the warrant to Brevard County, Florida. The indictments had already been illegally withdrawn and Sheriff Jones had failed to extradite Plaintiff, Robert, from Louisiana, in March 2006, when he had authority. Now he knew or should have known that he was acting under color of law by having Plaintiff, Robert, detained in Florida.

29.  On May 1, 2007, Plaintiff, Robert went before a Florida Judge, who called Sheriff Jay Jones a second time to ascertain

the facts about whether Plaintiff, Robert, was being extradited or not. Once again, under color of law, Sheriff Jay Jones acted to violate the rights of Plaintiff, Robert, by having him extradited with no valid active complaints or indictments leaving doubt about any valid, legal probable cause pending.

30.  In the early morning hours of May 4, 2007, Prisoner Transportation Services, LLC, of Nashville, Tennessee, arrived at the Brevard County facility and handcuffed and shackled, Plaintiff, Robert, to transport Mr. Robert back to Lee County, without valid indictments or complaints in the Lee County case file.

31.  Plaintiff, Robert, arrived at the Lee County Jail two full days later at approximately 5:30 am on May 6, 2007, with blood caked up from his fingertips to his left elbow from a nose bleed due to his blood pressure. Plaintiff, Robert, notified Lee County jailer, Dix(black/female) that he was suffering from gout in his left foot, which he suffered with until he made arrangements for bail on May 9, 2007, at approximately 2:30 pm.

32.  On May 7, 2007, Plaintiff, Robert, was served with a Motion for a competency hearing sent to his jail cell by Lee County District Attorney, Nicholas Abbett. It was delivered by two Lee County Sheriff's deputies.

33.   Plaintiff, Robert, was put in the back of the jail, denied his 6th Amendment Right to file any documents from his jail cell as he was denied writing materials, and never allowed to call his court appointed plea bargainer, Jerry Hauser, nor a bonding company or anyone else. Plaintiff, Robert, snuck a call to his sister in Louisiana briefly while he was in the holding cell and that is how he came to make bond on May 9, 2007. Plaintiff, Robert, had well over $100 on the jail books and should have been given the writing materials he ordered and had money to pay for. Sheriff Jay Jones and Lee County District Attorney, Nicholas Abbett, under color of law conspired and denied medical attention and writing materials to Plaintiff, Robert, denying him 6th Amendment Rights to pursue a defense and cruel and unusual punishment of suffering with gout. Lee County Jailer Dix, Deputy Jukes, (a black male) denied medical attention for the very painful inflammation of gout for 3 days to Plaintiff, Robert, during his incarceration, more cruel and unusual punishment, an 8th Amendment violation.

34.  On May 8, 2007, Plaintiff, Robert, appeared before Chambers County Circuit Judge Calvin Milford who had been given jurisdiction of an initial hearing when Judge John Denson should have had jurisdiction of the case.

35.  On May 8, 2007, Lee County Assistant District Attorney,
Robbie Treese, III, was in court for the State of Alabama, and
Under color of law led Judge Milford to believe that the
indictments in this case were active. Judge Milford assigned a
court appointed attorney, Jerry Hauser, a public plea bargainer
who has taken the position to join the conspiracy and submitted a
Motion to Withdraw on May 9, 2007.

36.  While Judge Milford may have been duped under color of
law by Robbie Treese, III, he is a Judge who should have realized
that all Lee County Judges recused themselves from this case 3
years ago. He was pre-disposed to appoint Jerry Hauser to tie the
Plaintiff, Robert's, hands for all conspirators to have dragged
this matter out even longer. The documents were typed prior to
Judge Milford presiding over the initial hearing, however, it was
Judge Milford who, under color of law, set the maximum bond $12,
500, bond after the Plaintiff, Robert, requested to be ROR, and
attempted to restrict the Plaintiff, Robert's, access to the
Court, denying him a 1st Amendment right of access to the courts
through an attorney he had no jurisdiction to appoint at that
point of the proceedings.

37.  On May 8, 2007, under color of law, Judge Calvin
Milford told Plaintiff, Robert he was not entitled to a
preliminary hearing. Judge Milford's actions were intentional as

he wrote on the typed form **n/a** indicating that the Plaintiff,
Robert, was not going to have a **preliminary hearing.** If Mr.
Robert was not going to have a preliminary hearing, then there
was no need for Judge Milford to appoint Jerry Hauser as the
court appointed lawyer of the Plaintiff, Robert.

38.  Judge Milford was told in open court that Mr. Robert did
not have his reading glasses and that reading what he was signing
was virtually impossible, and Plaintiff, Robert, accepted Jerry
Hauser, as a court appointed attorney, when Judge Milford did not
have jurisdiction to appoint Mr. Hauser at that point in the
proceedings.

39.  On May 8, 2007, absent jurisdiction to set bond because
no valid indictments or complaints existed at that time, Judge
Calvin Milford, under color of law, violated the Plaintiff'
Robert's, 1st, 4th, 5th, 6th, 8th, and 14th Amendment Civil Rights
attempting to restrict Plaintiff, Robert's, court access through
an attorney illegally appointed, no probable cause as the warrant
should have been quashed on August 22, 2006, when indictments
were illegally withdrawn, double jeopardy by having illegally
withdrawn illegally reinstated, issues of a fair trial by a
competent Judge, excessive bail( no probable cause/no bail), and
equal protection under the law.

40.  Judge Milford told Plaintiff, Robert, in open court he had a court appearance on May 21, 2007, at 1:00pm, but no documents were ever given to Mr. Robert nor sent to him in Louisiana to that effect prior to May 21, 2007. When Plaintiff, Robert, was released from jail on bond, documents signed by Sheriff Jay Jones changed the court appearance date from May 21, 2007, at 1:00pm to May 23, 2007, at 9:00am and this time Plaintiff, Robert, had his glasses.

41.  On Monday, May 21, 2007, at 11:00am, Judge James Garrett(Ret), held a **preliminary hearing** that Plaintiff, Robert, was told he was not entitled to and with conflicting dates of May 21, 2007 and May 23, 2007, in the picture, Judge Garrett held an **ex part preliminary hearing** to reinstate indictments previously illegally withdrawn under color of law. Judge John Denson had still not relinquished jurisdiction of the case that should have been his to preside over as a duly elected Circuit Judge over a retired state Judge. Since Attorney Jerry Hauser was present, Plaintiff, Robert, avers that Mr. Hauser's ineffectiveness is best measured by his culpability as a conspirator to allow an **ex parte preliminary hearing** under color of law.

42.  Lee County District Attorney, Nicholas Abbett, Lee

County Assistant District Attorney, Kenneth Gibbs, and Jerry
Hauser were present when Judge Garrett granted the Motion to
reinstate indictments illegally withdrawn under color of law on
May 21, 2007, filed by Kenny Gibbs. Lee County Assistant District
Attorney, Kenneth Gibbs, under color of law, lied to Judge James
Garrett stating that Plaintiff, Robert, had never been served the
writ of arrest/warrant when, in fact, Plaintiff, Robert, had been
given a copy by the 6 Federal Marshals, he had been given a copy
in court in Louisiana, shown a copy by the 2 customs agents, and
then given a copy on April 17, 2007, the copy faxed to the
Brevard County Court on April 16, 2007. Mr. Gibbs lied to Judge
Garrett alleging that the first time Plaintiff, Robert, was given
a copy was on May 1, 2007, when in fact Mr. Robert was not given
a copy on May 1st at all.

43.  In his May 21, 2007, Motion to Reinstate, Kenny Gibbs
lied to Judge James Garrett when he wrote in that Motion that the
writ of arrest had not been served on August 22, 2006, when the
indictments were illegally withdrawn in an effort to get Judge
Garrett to reinstate the illegally withdrawn indictments under
color of law creating probable cause and double jeopardy.

44.  Judge Garrett wrote in his order granting the
reinstatement that the arraignment set for May 23, 2007, was
cancelled and re-scheduled to July 16, 2007, at 9:30am. Why was

the arraignment paperwork signed by Sheriff Jay Jones under color of law? How did Judge Garrett know about the Sheriff's paperwork, and why was the arraignment postponed until July 16, 2007?

45.  On May 25, 2007, Illegally Court Appointed Public Plea Bargainer, Jerry Hauser, filed a Motion for Discovery and that is the only document he has filed other than a Motion to Withdraw on May 9, 2007.

46.  On June 12, 2007, Lee County Assistant District Attorney, Kenneth Gibbs, filed a Motion for an Extension of Time to Produce documents of discovery. On **January 25, 2006,** in his notarized application for extradition, Lee County District Attorney, Nicholas Abbett told the Governor of Alabama that he had investigated the facts of the case and he could get a conviction. The Alabama Rules of Criminal Procedure give the State 14 days for producing discovery. Jerry Hauser filed the Motion for discovery on May 25, 2007, and the Court did not get the request for an extension until 18 days later, violating Plaintiff, Robert's, 6th Amendment Right to a fair trial by denying him procedural due process under color of law, by violating Rule 16.1 of the Alabama Rules of Criminal Procedure for discovery.

47.  On June 12, 2007, Lee County Assistant District
Attorney, Kenneth Gibbs, signed and filed a Motion to set the
conditions of Plaintiff, Robert's, bond and limiting Mr. Robert's
1st Amendment Right of Access to the Court only through an
illegally appointed attorney, appointed without jurisdiction
under color of law, or by representing himself pro se and giving
the Court advance notice of his intent to have a security guard
accompany him to the Circuit Clerk, Corinne Hurst's office. In
item 2 of that Motion Mr. Gibbs lied to Judge Garrett claiming
that Plaintiff had violated the terms of his bond. Judge Milford
had no legal authority to set bond absent indictments and then
fraudulently telling Mr. Robert that he would not be entitled to
a preliminary hearing which was conducted by retired Judge
Garrett who was given all of the authority of a circuit judge and
jurisdiction of preliminary hearings is exclusive to the District
Courts, Section 15-11-2, and Section 12-12-32(b)(2)Code of
Alabama 1975, and every person charged with and arrested for a
felony before his indictment shall have an absolute right to a
preliminary hearing, under Section 15-11-1, Code of Alabama 1975.
Under Alabama Rules of Criminal Procedure 4.4, Initial
Appearances, "It is neither intended nor expected that a
determination of the Defendant's right to appointed counsel would
be made or counsel appointed at the initial appearance.

48.  In item number 1 of his Motion of June 12, 2007, Lee
County Assistant District Attorney, Kenneth Gibbs, stated in
plain English that the hearing on May 21, 2007, was for a
determination of **mental competency** and in plain English, Judge
Calvin Milford plainly wrote **n/a** for a **preliminary hearing** on the
day he prematurely hamstringed Plaintiff, Robert, by hanging an
albatross like Jerry Hauser, a public plea bargainer, who has
forgotten about the rights of his clients in his color of law
conspiratorial quest with the Lee County District Attorney's
Office.

49.  The warrant signed by Judge Walker had Plaintiff,
Robert's, home address in Mobile, Alabama, typed plainly on the
warrant. The warrant was never served in Alabama to protect the
conspirators and no bail was set for a bailable offense because
Judge Walker signed the case action summary and had no bond typed
into the case action summary.

50.  Extradition was complete and Plaintiff, Robert, received
a favorable determination in Louisiana when bond was refunded on
May 3, 2006. Every action by every individual named in this
complaint has been under color of law and these conspirators made
a conspirator of the Honorable Magistrate Coody when they caused
him to perpetrate fraud in his own Court proceedings and

perpetuate the void actions in civil case 03-T-1072-E.

51.  Plaintiff, has all documents and an orange OPD jumpsuit and handcuffs for prima facie evidence to prove every allegation made in this complaint.

52. All named conspirators in this complaint have culpability in this matter as conspirators as all conspirators are equally culpable and statute of limitations are tolled during conspiracy, and a copy of this is being forwarded to the FBI Office in Mobile, Alabama, and New Orleans, Louisiana, for possible criminal charges against conspirators for violating Plaintiff, Robert's, civil rights under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments.

53.  PREMISES PRAYED, that this Plaintiff, Hewitt P. Robert, Jr., be granted his 1st Amendment right of access to this Court to procure an expedited hearing for injunctive relief to be granted for all actions by Judges void of any jurisdiction, that all Judges, present, and not yet to be assigned, be enjoined from further legal proceedings, and of all proceedings in this matter being declared void ab initio for all actions of all conspirators under color of law, that this Honorable Court order the Supreme Court of Alabama to declare all actions of the Court and lower Court judges void and that this cased be dismissed with

prejudice.

Respectfully submitted to this Honorable Court July 7, 2007, via
certified U. S. Mail

Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667


I certify that the information I am providing in this complaint
is true and accurate to the best of my knowledge and are made
under penalty of perjury.

Hewitt P. Robert, Jr.

Date:  July 6, 2007

Sworn to and subscribed before me this____6____ day of July, 2007.

Notary Public

My Commission expires:

Kathleen R Oldendorf
Notary Public #83772
Commission Expires at Death
Parish of Jefferson, LA

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**CERTIFICATE OF SERVICE**

I, Hewitt P. Robert, Jr., do hereby Certify that a true and correct copy of the foregoing has been furnished by U. S. Certified mail with proof of delivery return to Ms. Debra Hackett on this ____7th____day of __July____ 2007__, to:

Honorable James Garrett
Lee County Courthouse
2311 Gateway Drive
Opelika, Alabama 36801

Honorable Sue Bell Cobb & all other Alabama Supreme Court Justices
Alabama Supreme Court
300 Dexter Avenue
Montgomery, Alabama 36104

_July 7, 2007_
Date

_Hewitt P. Robert Jr._
Signature