IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEWITT P. ROBERT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 2:07CV625-MHT |
| JAMES GARRETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE
AND ORDER ON MOTIONS**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a Complaint pursuant to 42 USC § 1983 (2000). Compl. (Doc. #1). For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the action be DISMISSED. Also pending before the undersigned are Plaintiff's motions for an expedited hearing (Doc. #1) for injunctive relief and to proceed in forma pauperis (IFP) (Doc. #2). Upon consideration of Plaintiff's application to proceed IFP, the undersigned GRANTS the motion (Doc. #2). Having recommended dismissal of Plaintiff's Complaint, the undersigned DENIES Plaintiff's motion (Doc. #1) for an expedited hearing as MOOT.

**I.    BACKGROUND**

Plaintiff, Hewitt P. Robert, Jr. (Robert), *pro se*, commenced this action on July 9, 2007, naming James Garrett, Sue Bell Cobb, Frend See, Jr., Thomas Woodall, Patricia M.

Smith, Michael F. Bolin, Lyn Stuart, Tom Parker, Glenn Murdock, and Champ Lyons, Jr. as Defendants. Compl. (Doc. #1) at 1. All of these individuals, with the exception of James Garrett (Garrett), currently serve as justices on the Supreme Court of Alabama. Id. The Complaint asserts that Garrett is a retired judge. Id. at ¶ 41. Robert's Complaint alleges violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Id. at ¶¶5, 36, 39, 46, 52. Robert requests that this Court enjoin any further prosecution by the State of Alabama and order the Alabama Supreme Court to dismiss his criminal proceedings with prejudice and declare all actions of the lower state courts void. Compl. (Doc. #1) at unnumbered page 1, 21-22. Robert, however, admits in his Complaint that he is a defendant in an ongoing criminal state prosecution. Id. at unnumbered page 2.[1]

## II.    DISCUSSION

Robert seeks to proceed in this action IFP. Despite Robert's non-prisoner status,[2] the Court is required to review his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B) (i)-(iii), and *sua sponte* dismiss the complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. Id. In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and

---

[1]The undersigned notes that Robert also admitted that he has filed a petition for writ of mandamus currently pending before the Supreme Court of Alabama, though the undersigned does not rely on this fact. Compl. (Doc. #1) at unnumbered page 2.

[2]The undersigned notes that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners but apply to all persons proceedings IFP. See Calhoun v. Sthal, 254 F.3d 845, 845 (9th Cir. 2000).

2

at any time during the proceedings.  See 28 U.S.C. § 1915(e)(2).  The Court, however, must read Robert's *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).  But, at the same time, Robert is required to comply with minimal pleading standards.  See Sammons v. Taylor, 967 F.2d 1533, 1538 (11th Cir. 1992).

A complaint filed in forma pauperis which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  Neitzke v.Williams, 490 US 319, 325 (1989).  Rather, the test for granting a § 1915 dismissal is whether a claim lacks arguable merit either in law or fact.  See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2001).  Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless;" Denton v. Hernandez, 504 US 25, 32,(1992); when it appears that the plaintiff has little or no chance of success.  Bial v. Driver, 250 F.3d 1346, 1349 (11th Cir. 2001); and, when the claims are based solely on conclusory allegations, unwarranted deductions or mere legal conclusions.  Wilson v. Henderson, 2005 WL 1677388 at * 2 (M. D. Fla. July 18, 2005) (citations omitted).

In construing the Complaint in the light most favorable to Robert and taking its allegations as true, the undersigned finds Robert's Complaint should be dismissed for failure to state a claim upon which relief can be granted.  Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998), cert. denied 525 U.S. 1139 (1999).  Robert

requests this Court interfere in an ongoing state criminal proceeding. To grant the relief Robert requests, the Court would, in essence, determine that Robert was not guilty of the charges for which he has yet to be tried. Federal courts, however, cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also Hicks v. Miranda, 422 U.S. 332, 349 (1975).

In Younger v. Harris, 401 US 37 (1971), the Supreme Court established that federal courts should abstain from entertaining lawsuits by individuals seeking to enjoin criminal prosecutions against them in state court. More particularly, the Younger Court has stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense

>of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

The Younger abstention doctrine thus bars federal court intervention in state criminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges.  See id. at 44-45.  All three criteria are met in this case.  First, Robert's Complaint clearly establishes that he is involved in an ongoing state judicial proceeding.  Second, both Congress and the federal judiciary have a long-standing statutorily evidenced national policy of permitting state courts to try state cases free of interference by federal courts.  Id. at 43-44.  And third, the State of Alabama has a judicial system which allows a defendant the opportunity to raise any federal constitutional claims at issue, and Robert has not alleged nor established that he lacks an adequate opportunity to present those claims in his own criminal proceeding.  Doby v. Strength, 758 F.2d 1405 (11th Cir. 1985).  Moreover, Robert has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that a plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm.  Younger, 401 U.S. at 45.  This Court therefore must abstain from considering the merits of any claims presented by Robert which challenge the constitutionality of criminal charges pending against him before the state courts.  The

undersigned finds that these claims are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), as those claims are not cognizable in a 42 U.S.C. § 1983 action at this time. See Torbert v. Opelika Police Dep't, 2007 WL 2023475 at *1 (M. D. Ala. July 11, 2007).

### III.   CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Robert's Complaint be DISMISSED *sua sponte* without prejudice. Having recommended dismissal of Robert's Complaint, the undersigned DENIES Robert's motion (Doc. #1) for an expedited hearing as MOOT. The Court, however, GRANTS Robert's motion (Doc. #2) to proceed IFP. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 6, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir.

1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this the 23rd day of July, 2007.

               /s/ Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                UNITED STATES MAGISTRATE JUDGE