IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HEWITT P. ROBERT, JR.        )
                             )
    PLAINTIFF,               )
                             )
    vs.                      )
                             )
HON. JAMES GARRETT (Ret)     ) CASE NO.
                             )    3:07cv625-MHT
HON. SUE BELL COBB, SUPREME COURT   )
HON. FREND SEE, JR., SUPREME COURT  )
HON. CHAMP LYONS, JR., SUPREME COURT)
HON. THOMAS WOODALL, SUPREME COURT  )
HON. PATRICIA M. SMITH SUPREME COURT)
HON. MICHAEL F. BOLIN, SUPREME COURT)
HON. LYN STUART, SUPREME COURT      )
HON. TOM PARKER, SUPREME COURT      )
HON. GLENN MURDOCK, SUPREME COURT   )
                             )
    DEFENDANTS ,             )
                             )
                             )
                             )

Motion to enter into Evidence

COMES NOW, **Pro Se Plaintiff,** Hewitt P. Robert, Jr., to file this Motion to enter into evidence this Motion to Dismiss in Lee County. The Motion is self explanatory and is proof that Judge James Garrett lacks jurisdiction to proceed after the Defendant was denied in writing in open Court the absolute right to a preliminary hearing. Judge Garrett then presided over the preliminary hearing as a circuit judge when that right is

preserved for District Judges under Alabama law violating the Defendant's right to procedural due process. This Motion is proof of just exactly how far these people will go to protect lies told to the **Honorable Charles Coody** in CV-03-T-1072-E.

Respectfully submitted to this Honorable Court July 23, 2007, via ~~certified~~ U. S. Mail

*/s/ Hewitt P. Robert Jr.*
Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667

CERTIFICATE OF SERVICE

I do certify that a copy of this Motion is being served on James Garrett and the members of the Alabama Supreme Court and the Lee County Court via U. S. Mail this 23rd day of July 2007.

/Hewitt P Robert Jr/
Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA           *
                           *
    PLAINTIFF              *
                           *     CRIMINAL ACTION
V.                         *     CC-2004-1101/1102
                           *
HEWITT P. ROBERT, JR.      *
                           *
    DEFENDANT              *
                           *

### AND DISMISSAL OF THE INSTANT CASE
### MOTION FOR RECUSAL OF JUDGE JAMES S GARRETT

COMES NOW, the Defendant, Hewitt P. Robert, Jr., to file this Motion for the Dismissal of this case with prejudice and then the immediate Recusal of Judge James S. Garrett for the following reasons:

1) On May 8, 2007, Twenty-two days after the Defendant was arrested on April 16, 2007, by 2 U. S. Customs agents in Brevard County, Florida, **on a warrant without valid complaints or indictments in force,** Judge Calvin Milford of Chambers County, Alabama, **denied the Defendant a preliminary hearing and wrote it specifically so on the attached copy,** violating the decision in *Gerstein v Pugh*, 420, U. S. 103, 95 S. Ct. 854, 43 L.Ed. 2d. 54 (1975)

2) While there was a warrant on the NCIC wire, there were no indictments and no complaints to support a warrant, clearly in violation of the probable cause clause of the 4th Amendment of the United States Constitution.

3) On August 22, 2006, Lee County District Attorney, Nicholas Abbett had the indictments that supported the warrant illegally withdrawn By Judge James Hard, IV, after Lee County, Alabama, Sheriff Jay Jones failed to extradite the Defendant when he was previously arrested on the same charge on January 18, 2006, in Louisiana. Sheriff Jones simply did not extradite the Defendant from Louisiana after he was given authority to do so by Louisiana Governor Kathleen Blanco on March 10, 2006. A motion for the return of bond was granted on May 3, 2006, by the Honorable Mary Becnel, PJ, of the 40th Judicial Circuit of Louisiana.

4) On May 21, 2007, Judge James Garrett presided over what was to be a hearing for mental competency which Judge Garrett conveniently turned into the **preliminary hearing** that was the determining factor of probable cause in this case violating procedural process as Judge Garrett is a circuit judge and preliminary hearings are conducted exclusively by District Judges and the reason is for impartiality by the Court. This was the very preliminary hearing denied by Judge Milford 13 days earlier in writing and served on court appointed attorney Jerry Hauser. Probable cause shall be determined in no event later than 48 hours after arrest. In this case, the preliminary hearing that determined probable cause was held 15 days after the Defendant was delivered to the Lee County jail and 36 days after his actual arrest in Brevard County, Florida, clearly in violation of the decision in *County of Riverside v McLaughlin*, 500 U. S. 44, 111 S. Ct. 1661, 114 L.Ed. 2d 49, (1991), for a prompt determination of probable cause.

5) On July 16, 2007, Lee County District Attorney, Nicholas Abbett stated on the record an oral notice of recusal for personal reasons, perhaps because Judge James Hard had requested that the Defendant bribe Mr. Abbett. Mr. Abbett's recusal as a prosecutor on this case for 3 years now is a clear indication that Mr. Abbett has had a personal conflict in this case now for 3 years, but only came forward on Monday, July 16, 2007. The Defendant's case has clearly been prejudiced by Mr. Abbett's actions over the last 3 years.

6) On July 16, 2007, **Part-Time** Lee County Assistant District Attorney, Kenneth Gibbs, lead prosecutor in the instant case filed his own oral notice of intent to recuse himself from the case, with no definite prosecutor assigned to the case at the time. Mr. Gibbs is a part time assistant district attorney and his subordinate duties come under the supervision of Mr. Nick Abbett who stated that he may have a supernumerary District Attorney, Rea Clark, who will prosecute the case. He wasn't sure if she would take the case, so Mr. Abbett is doing his own forum shopping so to speak.

7) Mr. Abbett has had 3 years to recuse himself and find suitable prosecution for his personal vendetta and has failed to prosecute this case under Rule 48, F.R.Cr.P.

8) By definition recusal is usually for personal reasons and Mr. Abbett actually stated on the record in open court that his reasons were personal, i.e., a conflict of interest. Since Mr. Abbett has openly admitted that he had a personal conflict, any further attempt to secure another prosecutor

personal case file.

13) "Loss of 1st Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though 1st Amendment Rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government". ***Elrod v Burns***, 96, S. Ct. 2673: 427 US 347, (1976)

14) In ***Coleman v Alabama***, 255, the Court denominated a preliminary hearing as a critical stage and the <u>only functions of the hearing is to determine probable cause</u> to warrant presenting the case to a grand jury. Denial of a preliminary hearing by an impartial judge to determine probable cause is enough for this case to be dismissed. The indictments were not in force and the Defendant was told that there would be no preliminary hearing. Judge Garrett was without jurisdiction from that point on and definitely as a circuit judge as the exclusive jurisdiction of the absolute right to a preliminary is delegated to the District Court.

15) Judge Garrett is a retired circuit judge and accepted the Supreme Court's appointment as a circuit judge and while he may issue warrants as a circuit judge, he may not preside over **preliminary hearings** as a circuit judge. Lack of jurisdiction renders all orders, judgments, and opinions of the court void and "Alabama law has always stated that a void judgment could be vacated at any time". ***Sweeny v Tritsch***, 151, Ala. 242, 44 So. 184 (1907)

16) Judge Garrett's orders issued on July 16, 2007, are void for lack of jurisdiction based on the denial of a preliminary hearing by Judge Calvin Milford.

17) Failure to dismiss this case shall be construed to mean that Judge James Garrett is not interested in justice, but in protecting Nicholas Abbett, Corinne Hurst, and Judge Jacob Walker who did everything they could to protect the lawyers who lied to the <u>**Honorable Charles Coody on March 18, 2004, in CV-03-T-1072-E.**</u>

    PEMISES PRAYED, that this Court will dismiss the charges, and quash the ***<u>invalid indictments</u>*** and ***<u>invalid warrant</u>*** against this Defendant immediately with prejudice for violations of procedural due process with regard to the Defendant's 1st, 4th, 5th, 6th, 8th, and 14th Amendment Rights and fraudulent activity by Nicholas Abbett and his staff and stop the personal harassment by Lee County District Attorney, Nicholas Abbett and his staff. Further, that once

the case is dismissed that Judge Garrett recuse himself from anything more to do with this case.

Respectfully submitted by U.S. Mail July 20, 2007

*Hewitt P. Robert Jr.*
Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667
Fax 320-210-4674

Certificate of Service

Copies are being mailed July 20, 2007 via U. S .Mail to the Lee County Court for the Court, Judge Garrett, Kenneth Gibbs, and to Federal Court for case number **3:07cv625-MHT, the Alabama Supreme Court, and Attorney General Troy King**, and personally to the Honorable Charles Coody and the Honorable Myron Thompson.

*Hewitt P. Robert Jr.*
Hewitt P. Robert, Jr.,

since making those statements public would only be construed as he is determined to see his personal case prosecuted rather than dismiss the case. A petition for writ of mandamus was filed from the Defendant's Florida jail cell and Mr. Abbett absolutely refused to recuse himself and turn the case over to the Attorney General amidst allegations of bribery between Mr. Abbett and Judge Hard at that time. Judge Hard did finally recuse himself.

9) **Part-Time** Lee County Assistant District Attorney, Kenneth Gibbs lied in his brief of May 21, 2007, and in open court when he stated that the Defendant had only been served the writ/warrant on May 1, 2007, when the Defendant was not served the warrant on May 1, 2007.

10) On July 16, 2007, Mr./Dr. Glen King, Esq., conveniently testified that he thought that the Defendant was **"borderline paranoid"** and that he should be tested for mental competency. He also testified that he was not sure, but he did not believe that the Defendant was dangerous, yet the Defendant was shadowed by 2 armed Lee County Sheriff's Deputies the entire time he was in the building. Mr./Dr. King's opinion is presently being overruled by Sheriff Jay Jones who has the Defendant's name and picture on **Lee County's Most Wanted List on the Internet** where it has been for 3 years. On the page with the List of Most Wanted it clearly states that these people are considered **extremely dangerous** while the verbiage on the page with the Defendant's picture only claims that he is **dangerous**. In either case, the picture has been there for years prejudicing a trial in Lee County and defaming the Defendant civilly.

11) On July 16, 2007, Judge James Garrett took away the Defendant's Court appointed attorney after conveniently disposing of the Court's business while refusing to allow the Defendant himself to personally cross-examine Mr./Dr. King, clearly in violation of a Defendant's right to defend allegations of incompetence in open court.

12) On July 16, 2007, after being notified for 2 months that court appointed attorney, Jerry Hauser, had filed a Motion to Withdraw, Judge Garrett allowed the removal of Court appointed counsel and appointed no new counsel for continuing representation. Mr. Abbett plainly stated that he would only provide a copy of the case file to Defendant's attorney and then Judge Garrett took away the court appointed attorney. Judge Garrett cautioned the Defendant not to school him on the U. S. Constitution and then he took away the Defendant's First Amendment Right to access his own