IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HEWITT P. ROBERT, JR. )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>HON. JAMES GARRETT (Ret) )<br>)<br>HON. SUE BELL COBB, SUPREME COURT )<br>HON. FREND SEE, JR., SUPREME COURT )<br>HON. CHAMP LYONS, JR., SUPREME COURT)<br>HON. THOMAS WOODALL, SUPREME COURT )<br>HON. PATRICIA M. SMITH SUPREME COURT)<br>HON. MICHAEL F. BOLIN, SUPREME COURT)<br>HON. LYN STUART, SUPREME COURT )<br>HON. TOM PARKER, SUPREME COURT )<br>HON. GLENN MURDOCK, SUPREME COURT )<br>)<br>DEFENDANTS , )<br>)<br>)<br>) | CASE NO.<br>3:07cv625-MHT<br><br><br>ORAL ARGUMENT REQUESTED |

## OBJECTION TO DISMISSAL

The Plaintiff, Mr. Robert, takes exception with the Court's insinuation and allegation on page 2, footnote 1, that the Court did not rely on the fact that the Plaintiff actually filed the 24 page petition for a writ of mandamus, 1061458, with the Alabama Supreme Court via certified mail on June 29, 2007. This complaint was notarized under penalty of perjury and **all** of the facts

alleged by Mr. Robert are true and verifiable with written documents and Judge's signatures.

Case CC-04-1101/02 in Lee County against Mr. Robert is baseless. Mr. Robert had a favorable determination of this case on May 3, 2006, in St. John Parish, Louisiana, when the Honorable Mary Becnel, PJ, refunded bond to Mr. Robert and Lee County, Alabama, Sheriff, Jay Jones and Lee County District Attorney, Nicholas Abbett failed to prosecute the case under Rule 48, F.R.Cr.P. Mr. Robert is not asking this court to determine his guilt or innocence, only to protect his constitutional rights in an **extraordinary case.**

The Alabama Supreme Court has denied Mr. Robert's petition for writ of mandamus, 1061458, filed on June 29, 2007, in an effort to protect its own decision to protect and insulate the Judges involved in this case.

Five Lee County Judges **conspired and recused** themselves within 3 days of the filing of the indictments on September 27, 2004. Judge Jacob Walker backdated his own signature on an Alabama Unified Judicial form below the signatures of the other Judges. Judge Walker signed the case action summary on October 4, 2004, after he recused himself from the case. Judge Walker wrote on that case action summary that Robert had failed to appear in court when the ink wasn't even dry on his backdated recusal.

Robert had not been arrested and Judge Jacob Walker made it look like an FTA, so that Robert would be considered a fugitive. There was no Judge assigned to the case when Robert was arrested by 6 Federal Marshals on January 18, 2006. Retired Judge James Hard was not even appointed to the case for 18 months until after the extradition paperwork had been completed and communicated back to Lee County, Alabama, Sheriff, Jay Jones. Falsified extradition documents were used and sent to Alabama Governor, Bob Riley, and Sheriff Jay Jones never extradited Robert. Judge Hard was actually assigned to the case on April 14, 2006.

On page 4 of the Court's decision, **_Younger v. Harris_**, 401 U.S. 37 (1971), clearly states that federal courts **may** intervene in an ongoing criminal proceeding under the most **extraordinary circumstances** and upon clear showing of great and immediate harm. How much greater does the harm have to be than to be prosecuted in a baseless case in a trial where the court has no jurisdiction? This case was over on May 3, 2006, when Lee County, Alabama, Sheriff Jay Jones and Lee County District Attorney, Nicholas Abbett, failed to extradite Robert and allowed his bond to be refunded to him in Louisiana.

On August 22, 2006, Lee County, Alabama, District Attorney, Nicholas Abbett, took the violation of Robert's rights one step further when he had the indictments illegally withdrawn after he

and Sheriff Jones failed to extradite and prosecute Robert. The present case in Lee County is baseless and illegally re-instating illegally withdrawn indictments does not make this case legal nor does it give jurisdiction to any judge to preside over.

On May 8, 2007, after Robert was returned to Lee County, Alabama, Chambers County **District** Judge Calvin Milford was appointed as a **Circuit** Judge for Robert's initial appearance. At that hearing at 3:00p.m., Judge Calvin Milford **denied Robert a preliminary hearing** and appointed him the very ineffective assistance of the Public Defender, Jerry W. Hauser, who immediately filed a Motion to Withdraw on May 9, 2007.

On May 21, 2007, at what was supposed to be a hearing to determine Mr. Robert's mental competency to stand trial the hearing was turned into a preliminary hearing presided over by a **Circuit Judge, which Alabama Law does not allow.** Preliminary hearings in Alabama are the exclusive jurisdiction of the District Court and the Alabama Supreme Court did not appoint a District Judge to hold a preliminary hearing because the Supreme Court was not aware that the indictments had been illegally withdrawn on August 22, 2006. A Circuit Judge presiding over a preliminary hearing in Alabama is an **extraordinary circumstance.** Mr. Robert not being extradited in March 2006, after the paperwork was completed by Louisiana Governor Kathleen Blanco was

an **extraordinary circumstance**. Sheriff Jay Jones taking 19 days to extradite Robert back to Lee County after Robert waived extradition on April 17, 2007, is an **extraordinary circumstance**. Judge Milford's denial of a preliminary hearing to a Defendant charged with a felony is an **extraordinary circumstance**. On May 21, 2007, Circuit Judge James Garrett illegally re-instated the illegally withdrawn indictments at a preliminary hearing previously denied by Judge Milford. That is an **extraordinary circumstance**.

On July 16, 2007, Mr. Robert appeared for arraignment in Lee County, Alabama. Mr. Robert filed his own Motion to Dismiss the instant Lee County case. Judge Garrett acknowledged that he had read the entire Motion and then failed to rule on it in open court. That is an **extraordinary circumstance**. On July 16, 2007, Judge Garrett heard all of the Court's business, including testimony from clinical and forensic psychologist, Glen King. Judge Garrett refused to rule on Public Defender, Jerry Hauser's, **68 day old Motion to Withdraw** as the ineffective court appointed counsel for Robert until all business before the court was conducted. That's an **extraordinary circumstance**.

Court appointed Public Defender, Jerry W. Hauser, refused to cross-examine Dr. King and Judge Garrett would only allow the Defendant to cross-examine Doctor King through the Public

Defender who refused to do so. That's an **extraordinary circumstance**. On July 16, 2007, Lee County, Alabama, District Attorney, Nicholas Abbett, finally recused himself in open court admitting after 3 years that he was recusing himself for **personal reasons**. That's an **extraordinary circums**tance. On July 16, 2007, in open court, Part-Time Lee County Assistant District Attorney, Kenneth Gibbs, filed an oral notice of intent to recuse himself from the Lee County case for **personal reasons**, leaving the case without a prosecutor. That's an **extraordinary circumstance**. On July 16, 2007, Judge James Garrett granted Public Defender, Jerry Hauser's, Motion to Withdraw, without appointing legal counsel for the indigent Mr. Robert. Judge Garrett had just ordered a mental competency test for Mr. Robert and then allowed court appointed counsel to withdraw without appointing new legal counsel. Under Alabama Law, an indigent Defendant is entitled to legal representation beginning with the preliminary hearing all the way through appeal which makes Judge Garrett's action to remove and not replace counsel an **extraordinary circumstance**.

Attached is a copy of the Court Order for a mental competency test. The Order shows that it was mailed to Nicholas Abbett who recused himself on July 16, 2007, and Jerry Hauser, who was allowed to withdraw on July 16, 2007. The copy of the attached

envelope shows that the Order for testing was not even sent to Mr. Robert until the day the testing was to be done in Montgomery, Alabama, July 31, 2007.

Today is August 6, 2007, and there is no prosecutor assigned to the case, no continuing court appointed defense counsel assigned to the case. Mr. Robert was arrested on a warrant without complaint or indictment 92 days ago on April 16, 2007, and has not been arraigned nor has he had effective legal counsel since he was extradited back to Lee County, Alabama, on May 6, 2007, and the case has been suspended by Judge Garrett while Lee County District Attorney, Nicholas Abbett, **"prosecutor shops"** for someone to prosecute the 3 year old case. Those are **extraordinary circumstances**.

On **August 30, 2004**, an orange OPD jumpsuit was delivered to Mr. Robert's home in Mobile, Alabama, with a pair of handcuffs and a note that reads "Let it be, or we'll send you back to jail and throw away the key". Lee County District Attorney, Nicholas Abbett was a part of that conspiracy and he and Lee County Circuit Clerk, Corinne Hurst, would do whatever is necessary to protect the fact that Nicholas Abbett was tied to the conspiracy that incarcerated Mr. Robert without jurisdiction in 2003 and that Corinne Hurst falsified her own affidavit to the Alabama Court of Criminal Appeals to protect Opelika City Attorney, Guy

Gunter, who stole 80 pages of Mr. Robert's criminal case and appeal.

Mr. Robert does not expect this court to question the merits of the claims of the constitutionality of the criminal charges against him, and if Nick Abbett can produce any document to prove his claim that **Mr. Robert intended to harm and/or murder Corinne Hurst,** as stated in the illegally withdrawn indictment then the Lee County Court would have a basis to proceed.

Courts recognize that a Defendant's right to a fair trial is violated when the State knowingly allows false evidence to be used against the Defendant, **_Miller v. Pate_**, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); **_Napue v. Illinois_**, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed2d 1217 (1959).

Until such time as there is proof that Mr. Robert intended to harm and/or murder Ms. Corinne Hurst, then the indictments would be based on false information and Mr. Robert was arrested on a warrantless arrest in Florida since the indictments had been illegally withdrawn in violation of **_Giordinello v. United States_**, 357 U.S. 480, 485-486, 78 S.Ct. 1245, 1250, 2 L.Ed. 2d 1503(1958). There was no probable cause without outstanding indictments or complaints and Mr. Robert was told he would not be entitled to a preliminary hearing to determine probable cause.

In **_Gerstein v. Pugh_**, 420 U.S. 103(1975), a probable cause

hearing is held by a neutral magistrate. Under Alabama Law, a preliminary hearing determining probable cause is held exclusively by a District Judge and Judge James Garrett is not a neutral or District Judge, nor has he been appointed as a District Judge, and therefore lacked jurisdiction to proceed in this matter.

Mr. Robert has requested a copy of the case file and discovery which he was denied in open court on July 16, 2007, by Judge James Garrett when Judge Garrett told Mr. Robert that his attorney would be given a copy of the case file and then Judge Garrett withdrew Mr. Robert's court appointed attorney, Jerry Hauser. A Defendant's rights are violated if the state withholds favorable material evidence which the Defendant has requested, **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Agurs**, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In **Brady**, the Court held due process was violated where, after the defendant's request, the state failed to reveal evidence that was material either to guilt or punishment.

Mr. Robert has already suffered irreparable damage over the last several years due to an overzealous rogue district attorney, Nicholas Abbett and the Lee County Circuit Clerk, Corinne Hurst, who have conspired and falsified court and extradition records.

In **_Berger v. United States_**, 295, U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314(1935), the Court stated: "[The district attorney's] interest…in a criminal prosecution is not that [he] shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense a servant of the law, the two fold aim of which is that guilt shall not escape nor innocence suffer."

Plaintiff, Robert, has stated many extraordinary circumstances in this case and has already suffered irreparable monetary, and emotional immediate damages and harm and has been chained, handcuffed, strip-searched and shackled in 3 different states now because of Lee County Circuit Clerk, Corinne Hurst, who falsified Mr. Robert's civil record on appeal, falsified Mr. Robert's criminal record on appeal, falsified her own affidavit to the Alabama Court of Criminal Appeals, falsified the indictments, and falsified the extradition application she notarized when she backdated it, and because Nicholas Abbett and Kenneth Gibbs, as prosecutors, have stated that they have had a **personal interest** in the case. Mr. Robert lost his job when he was arrested in January of 2006 and has not been able to keep a steady job since his arrest in January 2006, violating his right to the pursuit of happiness guaranteed under the United States Constitution.

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on the following this day August 6, 2007 via U.S. Mail:

Hon. James Garrett
2311 Gateway Dr
Opelika, Al 36801

HON. SUE BELL COBB,
HON. FREND SEE, JR.,
HON. CHAMP LYONS, JR.,
HON. THOMAS WOODALL,
HON. PATRICIA M. SMITH,
HON. MICHAEL F. BOLIN,
HON. LYN STUART,
HON. TOM PARKER,
HON. GLENN MURDOCK,
300 Dexter Ave
Montgomery, Al. 36104


*/s/ Hewitt P. Robert, Jr.*
Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667

This Plaintiff, Mr. Robert has shown many issues of extraordinary circumstances in this baseless case to protect the conspiracy in Lee County, Alabama, to put Mr. Robert in jail and throw away the key. Attached is picture of the orange jumpsuit delivered to Mr. Robert on August 30, 2004, to protect the police who falsified the police report, the victim/witness who committed perjury on December1, 2003, Corinne Hurst who falsified the record on appeal in January of 2004 and her affidavit to the Court of Criminal Appeals on May 27, 2004, and to protect Opelika City Attorneys, Guy Gunter and Philip Thompson, who prosecuted Mr. Robert without legal authority or jurisdiction, and the judges who incarcerated Mr. Robert under a $100,000 municipal misdemeanor bond for 90 days clearly in violation of all of his constitutional rights.

PREMISES PRAYED, that this Honorable Court will see this conspiratorial travesty for what it truly is and intervene as one of those extraordinary cases which requires federal intervention.

Respectfully submitted to this Honorable Court August 6, 2007, via certified U. S. Mail

*[signature]*
Hewitt P. Robert, Jr.
2404 Rue Saint Honore
Gretna, Louisiana 70056
251-463-2667

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| Plaintiff, | * | CASE NO. CC 04-1101/1102 |
| vs. | * | |
| HEWITT P. ROBERT, JR, | * | |
| Defendant. | * | |

*FILED BY D.A.*

## ORDER FOR OUTPATIENT EVALUATION OF COMPETENCY TO STAND TRIAL AND MENTAL STATE AT THE TIME OF THE OFFENSE

WHEREAS, the Defendant, HEWITT P. ROBERT, JR, is before the Lee County Circuit Court, having been charged with Making Terroristic Threats, and Harrassing Communications and whereas the Court has received a Motion for Mental Evaluation for said Defendant to determine the Defendant's present mental condition and competency to stand trial and the Defendant's mental condition at the time of the alleged offense, having been filed by the Defendant's Attorney, Jerry Hauser, and the Court finding reasonable grounds exist to grant said Motion

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. The Defendant shall undergo examination by a Certified Forensic Examiner appointed by the Alabama Department of Mental Health and Mental Retardation to conduct a clinical evaluation of the Defendant's competency to stand trial.

2. The examination shall be conducted on an outpatient basis by Certified Forensic Examiner.

3. That the Defendant, HEWITT P. ROBERT, JR and his Attorney should cooperate with scheduling the evaluation at the Alabama Department of Mental Health and Mental Retardation at such reasonable times as may be required for the examination.

4. The Defendant shall make himself available to the examiner information concerning the nature and circumstances of the offenses charged, as well as the prior criminal history of the Defendant; the Defense Attorney shall complete the "Defense Attorney Information Form", make available previous evaluation and treatment records. and provide such further information

in his possession as may assist the examiner in evaluating the Defendant's mental condition; all information provided to the examiner pursuant to this order shall be protected from discovery according to Rule 16, Alabama Rules of Criminal Procedure.

5. Upon completion of the clinical examination, a written report shall be submitted to the Court, with copies to the Defense Attorney and the District Attorney of Lee County, Alabama, advising the Court of the examiner's opinion as to:

    (a) The mental condition of the Defendant as related to his ability to understand the nature and object of the proceedings pending against him as well as his ability to understand waiving his Miranda Rights and his ability to reasonably assist his attorney in his defense.

    (b) If it is the opinion on the examiner that the Defendant is unable to understand the proceedings and reasonably assist his attorney, the report shall also state the opinion of the examiner as to:

        (1) The condition causing such inability, and where mental disease or defect is the cause, the nature thereof;

        (2) The treatment required by the Defendant to attain competency;

        (3) The most appropriate type and place of treatment in view in view of the therapeutic needs of the Defendant and potential danger to himself or others and an explanation of appropriate treatment alternatives;

        (4) The likelihood of the Defendant's attaining competency under treatment and the probable duration of the treatment; and

        (5) The availability of the various types of acceptable treatment in the local geographic area, specifying the agencies or settings in which the treatment might be obtained and whether the treatment would be available on an outpatient basis;

6. In addition to such written report, the Court shall be given a verbal report should the examiner believe the Defendant to be in need of immediate treatment so that further actions can be taken as appropriate.

7. Further criminal proceedings against the Defendant are hereby suspended until such time as the Court receives a report from the Alabama Department of Mental Health and Mental Retardation.

8. The Clerk of the Court is ordered to mail by ordinary mail or deliver a copy of this order as follows:

Hon. Nick Abbett
Lee County Justice Center
Opelika, AL 36801

Hon. Jerry Hauser
P O Box 156
Auburn, AL 36831

Dr. Glenn King
1520 Mulberry Street
Montgomery, AL 36106

DONE this the 16th day of July, 2007.

*James S. Garrett*
James S. Garrett
Retired Circuit Judge

FILED
JUL 18 2007
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Received
8-3-07

**CORINNE T. HURST**
CIRCUIT CLERK
LEE COUNTY JUSTICE CENTER
2311 GATEWAY DRIVE
ROOM 104
OPELIKA, ALABAMA 36801

7005 6455 2208

Hewitt Robert
2404 Rue Saint Honore
Dietna, LA 70056

7/31/07

Patricia L. Campbell
Court Administrator, Lee County
2311 Gateway Drive, Suite 201
Opelika, AL 36801
(334) 737-3433

TO:

DATE _____
SUBJECT ____ 72 HOUR HEARING

NAME: ▓▓▓▓▓ PATRIC ▓▓▓▓▓▓  M/F M  B/W/O ___ AGE: ___
ADDRESS: ▓▓▓ ▓▓ Saint Honore ▓▓▓ 70050  PHONE: ___
EMPLOYED: none    MARRIED/SINGLE ▓▓▓▓  CHILDREN: ▓▓▓▓
CHARGE: MAKING ▓▓▓▓▓▓ ▓▓▓▓; HARASSING COM▓▓▓▓CATION DESCRIPTION: ___
BOND AMOUNT: see above  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  DATE SET: ___
ATTORNEY APPOINTED: JEFF ▓AUSER  BY JUDGE: ▓▓ ▓ MILFORD
LAW ENFORCEMENT AGENCY: ▓▓▓▓  ▓▓▓▓▓▓▓▓▓▓▓  COPY OF STATEMENT: ___
ADDITIONAL NOTES: Conditions ▓▓▓▓ ① no contact with anyone listed in indictment ② ▓▓▓▓ 5/21/07 with ▓▓▓ge Garrett to hear p▓▓▓▓ ▓▓▓▓▓▓▓ at 11:00 a.m.

' other than their attorney






U.S. POSTAGE
PAID
GRETNA, LA
70053
AUG 06, 07
AMOUNT
$3.57
00017599-04

36101

7007 0710 0001 3361 1847

Mr. Debra Hackett
℅ U.S. District Court
P.O. Box 711
Montgomery, AL 36101

7007 0710 0001 3361 1847

N.P. ROBERTS, JR
2404 RUE SAINT HONORE
GRETNA, LA 70056

CASE 3:07 CV 625-MHT